Submitted on record and briefs August 24, 1995, judgment vacated; remanded
April 17, 1996

# DANY TRICE,
*Appellant,*

*v.*

# G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

## (CV 93-0660; CA A85039)

915 P2d 456

Teresa M. Kohlhoff filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner appeals from a judgment denying him post-conviction relief. ORS 138.530(1)(a). On appeal, petitioner seeks relief on the ground that his right to due process of law under the Fourteenth Amendment to the United States Constitution was violated when the judge at his criminal trial had an *ex parte* contact with a witness at the trial. Petitioner raises no claims under the Oregon Constitution. We vacate the judgment and remand for additional findings.

Petitioner had a two-day bench trial in December 1991. On the first day, after the close of the prosecution's case, the defense moved for a judgment of acquittal. The trial judge denied the motion. Ultimately, the trial judge found petitioner guilty of theft in the first degree. The trial judge sentenced petitioner about one week later and entered judgment in January 1992.[1]

In June 1993, about one-and-one-half years after petitioner's trial, the prosecutor in petitioner's trial approached a detective who had been a main witness for the prosecution and asked him if he had talked to the trial judge about the case outside the courtroom.[2] The detective responded that he had talked to the judge about the case a few days after the trial. Following that conversation, the prosecutor notified petitioner's trial attorney about the possible *ex parte* contact between the detective and the trial judge. That was the first time petitioner's trial attorney had heard about the contact. Petitioner subsequently filed his post-conviction petition.

At the post-conviction hearing, the prosecutor testified that, during the lunch break following the trial judge's denial of petitioner's motion for judgment of acquittal, the detective expressed a desire to tell the judge about some additional information that he had. Although the prosecutor

---

[1] Petitioner's conviction was affirmed without opinion. *State v. Trice*, 117 Or App 544, 843 P2d 1026 (1992).

[2] It is not clear what prompted the prosecutor to question the detective and why he inquired so long after the trial.

thought that the detective might have been joking, he cautioned the detective at the time not to speak to the judge. At his deposition in the post-conviction case, the detective could not remember the lunch break conversation with the prosecutor. However, he did admit to initiating a passing conversation with the trial judge. During that conversation, the detective allegedly told the judge that he had made a good decision and that there was additional evidence that the detective could not present because of a confidential informant. According to the detective, the judge replied something like, "'I figured that'" and that ended the conversation. The detective could not remember whether the conversation took place before or after sentencing but denied that it occurred before the judge found petitioner guilty. At his deposition, the trial judge stated that he did not recall the conversation.

The post-conviction court did not specifically determine when the conversation occurred or whether it indeed occurred at all. Instead, it found that any contact that may have occurred was "insignificant" and that petitioner had "not proved that any *ex parte* contact * * * influenced" the judge. Based on its findings, the post-conviction court concluded that petitioner was not prejudiced by any contact between the judge and the detective.

On appeal, petitioner argues that the contact occurred before the judge's decision on petitioner's guilt[3] and that an *ex parte* contact with a factfinder, especially a judge, should be prejudicial as a matter of law. Defendant argues that even if the contact occurred before the judge's decision on petitioner's guilt, petitioner must prove that he was prejudiced by showing that the judge was actually influenced by the contact. The United States Supreme Court has not specifically addressed this issue. Because the issue is unresolved by the Court, we must conduct our own independent analysis. *Beason v. Harcleroad*, 105 Or App 376, 382, 805 P2d 700 (1991).

In *Gardner v. Florida*, 430 US 349, 97 S Ct 1197, 51 L Ed 2d 393 (1977), the Supreme Court addressed the issue of whether a judge may impose a death sentence based in part

---

[3] Petitioner raises no issues concerning his sentence.

on information that is not disclosed to the defense. In that case, a presentence investigation report submitted to the judge contained a confidential portion which, following local custom, was not disclosed to defense counsel. The trial judge considered the entire report in deciding upon the defendant's sentence. The Supreme Court concluded that the defendant was denied due process when he was sentenced to death based on "information which he had no opportunity to deny or explain." *Id.* at 362. Although the Court did not specifically address the issue of prejudice, we note that it did not require the defendant to show that the undisclosed information actually influenced the judge's decision.

Some federal circuits have held that *ex parte* contacts with judges can give rise to a rebuttable presumption of prejudice. Whether the presumption arises depends on two factors. First, the contact must involve information that is relevant to a question of fact or law before the court. *See McKenzie v. McCormick*, 27 F3d 1415, 1419-20 (9th Cir 1994), *cert den* ___ US ___ , 115 S Ct 916, 130 L Ed 2d 797 (1995) (no presumption of prejudice without a showing that the prosecutor conveyed information relevant to sentencing); *United States v. DeLeo*, 422 F2d 487, 499 (1st Cir), *cert den* 397 US 1037 (1970) (prosecutor's *ex parte* conversation with trial judge to explain he had the flu was improper, but no prejudice resulted because the merits of the case were not discussed); *Haller v. Robbins*, 409 F2d 857, 860 (1st Cir 1969) (prosecutor communicating highly detrimental information to judge before sentencing shifted burden to the state to show lack of prejudice). Second, courts will consider when the improper contact was eventually disclosed. *Compare Bell v. Coughin*, 778 F Supp 164, 170 (SDNY 1991) (no judicial misconduct where judge disclosed *ex parte* contact with witness four days after it occurred) *with Haller*, 400 F2d at 859 (finding constitutional violation particularly because of the "appreciable period" before disclosure).

Because the judge in this case acted as the factfinder, federal cases discussing *ex parte* contact with jurors are also instructive. The Supreme Court generally analyzes these cases for the prejudicial impact of the intrusion on the jury. *United States v. Olano*, 507 US 725, 738, 113 S Ct 1770, 123 L Ed 2d 508 (1993). In *Olano*, the Court stated that

"[t]here may be cases where an intrusion should be assumed prejudicial." *Id.* at 739. To show when a presumption of prejudice can occur, the Court cited, *inter alia, Parker v. Gladden*, 385 US 363, 87 S Ct 468, 17 L Ed 2d 420 (1965); *Turner v. Louisiana*, 379 US 466, 85 S Ct 546, 13 L Ed 2d 424 (1965); and *Remmer v. United States*, 347 US 227, 74 S Ct 450, 98 L Ed 654 (1954). *Id.* In *Parker*, the conduct of a bailiff who told a juror that the defendant was guilty involved "such a probability that prejudice will result that it is inherently lacking in due process." 385 US at 365. In *Turner*, the court found "extreme prejudice inherent" in the continual contact between a jury and deputies who were key witnesses. 379 US at 473. In *Remmer*, the Court held that attempted bribe of a juror combined with the resulting FBI investigation of the incident was "presumptively prejudicial." 347 US at 229. Although *Turner* and *Parker* did not address whether the state could overcome the presumption of prejudice, in *Remmer*, the Court held that the state could rebut the presumption by showing that the error was harmless beyond a reasonable doubt. *Id.*

In determining whether prejudice results from an *ex parte* contact with a juror, the majority of federal circuits have followed *Remmer* and held that a criminal defendant is entitled to a rebuttable presumption of prejudice in those cases where a juror is exposed to extrinsic material relating to the case. *See U.S. v. Martinez*, 14 F3d 543, 550 (11th Cir 1994); *U.S. v. Console*, 13 F3d 641, 666 (3d Cir 1993), *cert den* 114 S Ct 1660, 128 L Ed 2d 377 and 115 S Ct 64, 130 L Ed 2d 21 (1994); *Stockton v. Com. of Va.*, 852 F2d 740, 744 (4th Cir 1988), *cert den* 489 US 1071 (1989); *U.S. v. Hornung,* 848 F2d 1040, 1045 (10th Cir 1988), *cert den* 489 US 1069 (1989); *U.S. v. Madrid*, 842 F2d 1090, 1093-94 (9th Cir), *cert den* 488 US 912 (1988); *U.S. v. Butler*, 822 F2d 1191, 1195 (DC Cir 1987); *United States v. Robinson*, 756 F2d 56, 59 (8th Cir 1985). The government then bears the burden of showing that the contact was harmless beyond a reasonable doubt. *See, e.g., Hornung*, 848 F2d at 1045. However, where a contact does not involve extrinsic evidence, the defendant must show actual prejudice. *See, e.g., Madrid*, 842 F2d at 1093.

■    The Supreme Court has stated that a trial

"in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel." *Turner*, 379 US at 472-73.

Although *Turner* involved a jury trial, we can see no reason why those same rights should not also apply in a bench trial. Therefore, we conclude that an undisclosed and improper *ex parte* contact with a judge in a bench trial is presumptively prejudicial when that contact involves information relevant to a question of law or fact before the court. The defendant does not bear the burden of proving that the judge was actually influenced. Instead, if the presumption applies, the burden falls upon the state to prove that the contact was harmless beyond a reasonable doubt. In this case, however, the question of whether petitioner is entitled to the presumption still remains.

■    Defendant concedes that if the contact occurred, it was improper. The parties agree that the contact was not disclosed by the trial judge. There also seems to be no disagreement on what was said, if the conversation indeed took place. Although the detective did not describe the additional evidence that he had, he nevertheless disclosed that there was additional evidence supporting defendant's guilt. Because petitioner challenges only the guilt phase of his trial and does not challenge his sentence, that evidence disclosed to the judge was a relevant question of fact or law before the court only *if* the conversation occurred before the trial judge's decision of guilt. Therefore, if the contact occurred before the trial judge's decision, petitioner is entitled to a presumption of prejudice. On the other hand, if the contact occurred afterwards, petitioner is not entitled to the presumption, and he has failed to show he was prejudiced. However, the post-conviction court made no findings and the parties do not agree on when the conversation occurred.

Determinations of whether the contact occurred and, if so, when it occurred are necessary to determine whether

petitioner is entitled to the presumption of prejudice and ultimately whether petitioner's right to due process was violated.[4] Those determinations properly rest with the post-conviction court. We, therefore, remand for additional findings.

On remand, the court shall determine, on the present record, whether the contact occurred and, if so, when it occurred. Those findings will permit the court then to determine whether petitioner is entitled to a presumption of prejudice. If the court concludes that petitioner is not entitled to the presumption, or that defendant has rebutted the presumption of prejudice, the court shall reinstate the judgment denying petitioner post-conviction relief.

Judgment vacated; remanded for further proceedings not inconsistent with this opinion.

---

[4] We note that petitioner bears the burden of proving the facts alleged in his petition. ORS 138.620 (2). Although we have concluded that a presumption of prejudice can arise, petitioner still bears the burden of proving that he is entitled to that presumption.